IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | ) | CIVIL NO. 16-00219 DKW-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| vs. | ) | TO REMAND ACTION |
| | ) | |
| HERBERT ANTOLIN; | ) | |
| STEPHANIE ANTOLIN; KAHELE | ) | |
| KOKI; DEPARTMENT OF | ) | |
| TAXATION - STATE OF | ) | |
| HAWAII; SOLARCITY | ) | |
| CORPORATION; DOES 1 | ) | |
| THROUGH 20, INCLUSIVE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO REMAND ACTION

On May 6, 2016, Defendants AlysonMay Koki,
Herbert Antolin, Stephanie Antolin, and Kahele Koki
(collectively "Defendants") filed a Notice of Removal.
They removed the action pursuant to 28 U.S.C. §§ 1332,
1441, and 1446.  Defendants claim to have received
notice of the Complaint on February 3, 2016.[1]

On July 1, 2016, the Court issued an Order to
Show Cause ("OSC") because the parties failed to attend

---

[1] State court records indicate that Defendants
were served on January 27, 2016.  http://hoohiki.
courts.hawaii.gov at Doc. Nos. 7-10.

the Scheduling Conference, and failed to file
scheduling conference statements.  Doc. No. 10.  That
same day, the Court issued the following Entering Order
("EO"):  "Defendants failed to comply with 28 U.S.C.
§ 1446(a) when filing their Notice of Removal.  They
are directed to file, by no later than 7/15/16, all
process, pleadings, and orders served upon them in the
state court action."  Doc. No. 9.

On July 19, 2016, Defendants filed a Motion to
Remand.

On August 3, 2016, the Court held a hearing on
the OSC.  At the hearing, George Alejandro, appearing
on behalf of Plaintiff, represented that neither
Plaintiff nor Plaintiff's counsel received a copy of
the Notice of Removal.  Mr. Alejandro also orally
requested that the case be remanded.  Defendants did
not appear at the hearing.

Based on the current record, the Court
RECOMMENDS that the case be REMANDED to state court.
Not only do both parties seek remand, but remand is
necessary because Defendants have failed to establish

2

that subject matter jurisdiction exists.

Section 1441 provides, in pertinent part:

(a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Removal based on diversity of citizenship.--(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441 (a), (b).  Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court.  See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006).  The party

seeking to remove the case bears the burden of establishing the existence of federal jurisdiction. See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005).

Defendants failed to comply with the Court's July 1, 2016 EO, which directed them to file all process, pleadings, and orders served upon them in state court by July 15, 2016. 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court . . . a notice of removal . . . together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."). Consequently, the Court is unable to ascertain whether federal jurisdiction exists.

Moreover, although the Court acknowledges that certain non-jurisdictional defects are waivable, see 28 U.S.C. § 1447(c),[2] the removal was defective for

---

[2] Section 1447(c) provides:  "A motion to remand the case on the basis of any defect other than lack of

4

multiple reasons.  First, Defendants failed to obtain the consent of Defendants Department of Taxation and Solarcity.  One of the requirements for removal is that "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A); Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1224 (9th Cir. 2009) ("In a case involving multiple defendants, '[a]ll defendants must join in a removal petition.'") (citation omitted) (alteration in original).  This rule applies to all defendants properly served and joined in the action, with the exception of nominal, fraudulently joined or unknown defendants.  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 680 (9th Cir. 2006) (citation omitted).  A defendant's failure to join is fatal under § 1446.  See Pressman v. Meridian

---

subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c).  Here, Plaintiff could not have feasibly met this deadline because it did not receive notice of the removal.

Mortgage Co., 334 F. Supp. 2d 1236, 1240-41 (D. Haw. 2004) (citing Hewitt v. City of Stanton, 798 F.2d 1230, 1232-33 (9th Cir. 1986)).

If fewer than all defendants join in removal, the removing party has the burden, under § 1446(a), of affirmatively explaining the absence of the non-joining defendant(s) in the notice for removal. Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999) overruled on other grounds by Abrego, 443 F.3d at 670 (finding the removal notice insufficient where it stated that the defendants believed that many, rather than all, of the non-consenting defendants were not properly served).  Insofar as Defendants Department of Taxation and Solarcity were served on January 26, 2016, and January 29, 2016, respectively,[3] Defendants were required to obtain their consent prior to removing the action.  Defendants asserted that the Department of

_____

[3]   In the Notice of Removal, Defendants claimed that Solarcity was not served, Doc. No. 1 at ¶ 17, but the state court docket contains a return and acknowledgment of service as to Solarcity. http://hoohiki.courts.hawaii.gov at Doc. No. 11.

Taxation and Solarcity are nominal parties.  Doc. No. 1
at ¶¶ 16-17.  However, Defendants have provided nothing
more than this conclusory allegation.  It is impossible
to determine whether the Department of Taxation and
Solarcity are in fact nominal defendants under the
present record, and thus whether their joinder/consent
was required and/or whether their citizenships must be
considered in evaluating diversity jurisdiction.
Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d
1129, 1133 (9th Cir. 2002) (citing Prudential Real
Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d
867, 873 (9th Cir. 2000)) ("Defendants who are nominal
parties with nothing at stake may be disregarded in
determining diversity, despite the propriety of their
technical joinder.").

Second, Defendants were not authorized to
remove the action as citizens of Hawaii.  Doc. No. 1 at
¶ 15 (identifying selves as citizens of Hawaii).
Section 1441(b) explicitly provides that actions based
on diversity jurisdiction may only be removed if none
of the properly joined and served defendants is a

7

citizen of the state in which the action is brought.
See 28 U.S.C. § 1441(b).

Third, it appears that the case was untimely removed.  Section 1446(b) requires that notices of removal "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).  Defendants were served on January 27, 2016, but did not file their Notice of Removal until May 6, 2016.  They have not argued that the basis for removal only became apparent 30 days prior to May 6, 2016.[4]

---

[4]   Section 1446(b) provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

Finally, Defendants violated 28 U.S.C. § 1446(d), which mandates that they promptly provide Plaintiff with written notice of the removal and file a copy of the Notice of Removal with the clerk of the state court.  28 U.S.C. § 1446(d).

In sum, the Court finds that remand is both necessary and appropriate because Defendants failed to satisfy their burden of establishing the existence of federal jurisdiction, and all appearing parties have requested remand of this action.

<u>CONCLUSION</u>

Based on the foregoing, the Court HEREBY RECOMMENDS that this action be REMANDED to the Circuit Court of the First Circuit, State of Hawaii.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, August 9, 2016.

   

Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 16-00219 DKW-KSC; <u>WELLS FARGO V. ANTOLIN, ET AL.</u>;
FINDINGS AND RECOMMENDATION TO REMAND ACTION

9